UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TREPKO, INC.,

    Plaintiff,

v.

CASE NO.:  8:20-cv-00464-CEH-JSS

GOLDEN WEST TRADING, INC.,

    Defendant.

_____/

### DEFENDANT'S, GOLDEN WEST TRADING, INC., MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION

Defendant, GOLDEN WEST TRADING, INC. ("GWT"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(2), hereby files this Motion to Dismiss for Lack of Personal Jurisdiction and Incorporated Memorandum of Law.  As will be more fully set forth below, Plaintiff, TREPKO, INC. ("TREPKO"), lacks personal jurisdiction over GOLDEN WEST TRADING, INC. Plaintiff has failed to plead facts to substantiate personal jurisdiction.  Further, GWT does not have systematic and continuous contacts with the State of Florida to satisfy due process requirements.

### BACKGROUND

Plaintiff, TREPKO, has brought a multi-count Complaint against GWT alleging GWT breached its contract, or was otherwise unjustly enriched, in leasing certain machinery associated with food preparation pursuant to a lease agreement entered into on or about May 9, 2019.  (Count I – Breach of Contract; Count II – Unjust Enrichment). Further, TRPEKO alleges GWT  converted said equipment when it failed to return the

1

equipment upon demand after allegedly not making lease payments. (Count III – Conversion; Count IV – Replevin).

Plaintiff alleges that GWT is an active California corporation with its principal place of business in California. (Paragraph 2 of Plaintiff's Complaint). On or about March 7, 2018, a lease was executed between GWT and TREPKO for food container filling equipment. (Paragraph 5 of Plaintiff's Complaint). The location where the lease was executed and negotiated was not alleged in the Complaint.

However, the Affidavit of Richard Lunsford attached hereto as **Exhibit "A"** states the lease was signed in California. During the period of the lease, Plaintiff made multiple onsite visits to conduct equipment servicing in California (Paragraphs 7 & 8 of Plaintiff's Complaint). These individuals travelled from the country of Poland. See the Affidavit of Richard Lunsford attached hereto as **Exhibit "A."**

Plaintiff does not allege any contacts between GWT and Florida other than entering into the Contract at issue.

## ARGUMENT

### I. PLAINTIFF LACKS PERSONAL JURISDICTION OVER GWT.

It is axiomatic that for a defendant to be subject to the jurisdiction of a state court the defendant must have certain minimum contacts with the state in order to put the defendant on notice pursuant to the Due Process Clause of the Fourteenth Amendment.

The Florida Supreme Court has articulated a two step inquiry to determine whether an individual or corporation is subject to personal jurisdiction within the State of Florida. First, the court must determine the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of Florida's long-arm statute. Wendt v. Harowitz, 822 So. 2d 1252 (2002); Laufer v. Troy R. Brown, 213 U.S. APP. LEXIS, 1461 (11th Cir. 2013), Kim

2

v. Keenan, 71 F Supp. 2d 1228 (1232) (M.D. Fla. 1999).  If the Complaint does allege sufficient jurisdictional facts to bring the action within the scope of Florida's long-arm statute, the next inquiry is whether there are sufficient minimum contacts to satisfy due process requirements.  Wendt v. Harowitz, 822 So. 2d 1252 (2002); International Shoe Company v. Washington, 326 U.S. 310, 319 (1945); Laufer v. Troy R. Brown, 213 U.S. App. LEXIS, 1461 (11th Cir. 2013).  In analyzing whether a non-resident has the requisite minimum contacts with a foreign state to justify personal jurisdiction, courts should determine whether the non-residents conduct with the forum state is such that it would reasonably anticipate being hauled into court.  World Wide Volswagon Corp. v. Woodson, 444 U.S. 286, 296 (1980).  In order for a non-resident to anticipate being hauled into a Florida court there must be some act by which a defendant purposely avails himself of the privilege of conducting activities within Florida which invokes the benefits and protections of its laws.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 747-475 (1985); Arch Aluminum and Glass Company, Inc. v. Danny M. Hainey, 964 So. 2d 228 (Fla. 4th DCA 2007).

     In order to challenge jurisdiction under Florida's long-arm statute, the court must examine the four corners of the complaint to determine if the pleading sufficiently alleges a basis for jurisdiction.  Supporting facts need not be pled.  Buckingham, Doolittle and Burroughs, LLP v. Kar-Kare Automotive Group, Inc., 987 So. 2d 818 (Fla. 4th DCA 2008).  However, for purposes of challenging the second prong, i.e. minimum contacts, a non-resident defendant must file affidavits in support of his position.  The burden then shifts to the Plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained.  Id. at 821.

Section 48.193, Florida Statutes, entitled "Acts Subjecting Person to Jurisdiction of Courts of State" states in pertinent part as follows:

> (a) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (7) Breaching a contract in this State by failing to perform duties required by the contract to be performed in this State.

Fla. Stat. §48.193 (2019).

### A. **Plaintiff Has Failed to Satisfy The Pleading Requirement For Specific Jurisdiction.**

TREPKO must plead facts sufficient to bring the action within the ambit of Florida's Long Arm Statute. Woodruff-Saywer v. Ghilotti, 255 So. 3d 423 (Fla. 3rd DCA 2018). TREPKO may allege facts sufficient to show the Defendant's actions fit in one (1) or more of the subsections of the Statute, or otherwise track the language of the Statute to bring the cause within the ambit of the Statute. Venetian Salami v. Parthenais, 554 So. 2d 199 (1989).

In this case, TREPKO's Complaint is void of alleged facts sufficient to show that GWT's actions fit within Florida's Long Arm Statute. TREPKO states a conclusion that jurisdiction is proper in this Court. (Paragraph 3 of Plaintiff's Complaint). Further, TREPKO alleges the Contract delineates that Florida Law governs and that dispute resolution must be carried out in Florida. (Paragraph 4 of Plaintiff's Complaint). However, there is no forum selection clause contained within the Contract. Further, undertaking dispute resolution is not akin to requiring the Parties to litigate in a particular forum.

4

TREPKO does not set forth any facts to substantiate any acts that would trigger Florida's Long Arm Statute.  TREPKO does not allege: a) GWT committed a tortious act within the state of Florida; b) GWT owned, used, possessed or held a mortgage within the state of Florida; c) GWT contracted in insure a risk in the state of Florida; d) GWT was involved in a family matter in Florida; e) GWT caused injury to persons or property within the state of Florida and which damage arose out of an act or omission by the Defendant outside the state and the Defendant was engaged in solicitation of services within Florida or products, materials or things processed, serviced or manufactured by the Defendant were used or consumed within the state of Florida; and f) GWT breached its Contract with TREPKO in this state by failing to perform an act required by the Contract in this state.[1]

Outside of the allegation that jurisdiction is proper in this Court there are no allegations which would trigger specific jurisdiction under Florida's Long Arm Statute.

In Conclusion, TREPKO has failed to plead sufficient facts to invoke specific jurisdiction under Florida's Long Arm Statute.

### B. **Plaintiff Cannot Set Forth Facts to Satisfy the Due Process Requirement of the Fourteenth Amendment.**

Whether allegations satisfy Florida's Long Arm Statute is not dispositive as to whether personal jurisdiction can be established over GWT.  The touchstone of personal jurisdiction is whether the defendant purposely established "minimum contacts" with the forum state.  Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985).

The Eleventh Circuit has set forth a three (3) part test to decide whether the minimum contacts requirement is met.  First, the contact must be related to the plaintiff's

---

[1] There are several additional enumerated acts which trigger Florida's Long Arm Statute but which are inapplicable to GWT.

5

cause of action.  Second, the contact must involve some act by which the defendant purposely avails himself of the privilege of conducting activities within the forum.  And third, the defendant's contact with the forum must be such that defendant should reasonably anticipate being hauled into court.  Vermeulen v. Renault USA, Inc., 985 F 2d 1534 (11th Cir. 1993).

When a forum seeks to assert specific personal jurisdiction over a non-resident, due process requires that the defendant have "fair warning" that a particular activity may subject him/her to enter the jurisdiction of a foreign sovereign.  Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985).  The fair warning requirement is satisfied if defendant has purposely directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of, or relate to those activities.  Rudzewicz 471 U.S. at 471.  Jurisdiction is proper if the defendant's contact with the forum proximately resulted from actions by the defendant himself that created a substantial connection with the forum state.  Id.

The Court in Venetian Salami Co. v. Parthenais, 554 So. 2d 199 (1989), held that the mere proof of any one of the enumerations set forth in section 48.193 as the basis for obtaining jurisdiction of non-residents does not automatically satisfy the due process requirements of minimum contacts Id.  The court further explained that satisfying the pleading requirements under section 48.193(1) does not end the inquiry as to personal jurisdiction.  Instead, the defendant wanting to contest the allegations of a complaint regarding personal jurisdiction may raise the argument of minimum contacts by filing an affidavit in support of his position.  Id.  The burden then shifts to the Plaintiff to prove by affidavit the basis upon which jurisdiction can be obtained.  Id.  If the facts stated in each party's affidavit are not conflicting then the trial judge can resolve the legal issue on the

basis of the affidavits.  <u>World Class Yachts v. Wendell H. Murphy, Jr.</u>, 731 So. 2d 798 (Fla. 4th DCA 1999).  Once the burden shifts to the defendant to make a prima facia showing of the inapplicability of the Long Arm Statute, the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavit(s) or other component proof and not merely reiterate the factual allegations in the complaint.  <u>Electro Engineering Products v. Lewis</u>, 352 So. 2d 862 (1977).

In this case, GWT has filed an affidavit which directly disputes GWT having sufficient minimum contacts with the State of Florida.  GWT has attested it does not market in the State of Florida.  GWT has no physical presence in the State of Florida.  GWT does not bank in the State of Florida.  GWT has no sales people in the State of Florida.  GWT does not manufacture any product in the State of Florida.  Additionally, the equipment that is the subject of Plaintiff's Complaint is located in the State of California.  The technicians who service the equipment originate from the country of Poland.  Additional parts came from Poland.  The actual lease agreement was entered into in Vernon, California and the initial contact between TREPKO and GWT occurred at a trade show outside the State of Florida.  GWT does not utilize written or electronic solicitations into Florida in order to achieve business.  GWT owns no real estate in the State of Florida and does not hold any assets in the State of Florida.

Based upon the foregoing, the Affidavit attached demonstrates there are absolutely no facts to support minimum contacts sufficient to demonstrate GWT purposely availed itself of the privilege of conducting business in the State of Florida.

LEGAL/128415478.v1

**CONCLUSION**

In conclusion, Plaintiff's Complaint should be dismissed for lack of personal jurisdiction over GWT as Plaintiff has not set forth any allegations to satisfy Florida's long-arm statute.

Additionally, even if Plaintiff were to plead facts sufficient to fall under Florida's Long Arm Statute, traditional notions of fair play and substantial justice would preclude a finding of personal jurisdiction as the affidavit prepared by GWT demonstrates insufficient minimum contacts with the State of Florida.  The affidavit of GWT filed contemporaneously with the Motion to Dismiss establishes no minimum contacts to satisfy the Fourteenth Amendment to the U.S. Constitution.

WHEREFORE, for all the foregoing reasons, Defendant, GOLDEN WEST TRADING, INC., hereby moves this Court to dismiss Plaintiff's Complaint for lack of personal jurisdiction, together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, P.A.

By:  /s/ Adam C. Herman
ADAM C. HERMAN, ESQ.
Florida Bar No. 0146961
Landmark Center One
315 E. Robinson Street, Suite 550
Orlando, FL 32801-2719
Telephone:   407-420-4380
Fax:   407-839-3008
E-Mail: acherman@mdwcg.com
          dtbroxson@mdwcg.com
Attorneys for Defendant, GOLDEN WEST TRADING, INC.

LEGAL/128415478.v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2020 I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which will send a copy of the Notice of Electronic Filing to the following: : **Joseph Kennett, Esq.** (counsel for Plaintiff), Brick Business Law, P.A., 3413 W. Fletcher Ave., Tampa, FL 33618

*/s/Adam C. Herman*                               .
Attorney

LEGAL/128415478.v1