UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TREPKO, INC.,

    Plaintiff,

v.                                                 Case No: 8:20-cv-464-CEH-JSS

GOLDEN WEST TRADING, INC.,

    Defendant.
_____/

# ORDER

This matter comes before the Court on Defendant Golden West Trading, Inc.'s Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction (Doc. 8). Defendant argues that Plaintiff fails to plead sufficient facts to substantiate personal jurisdiction and that Golden West Trading does not have systematic and continuous contacts with the State of Florida to satisfy due process requirements. Plaintiff responded in opposition (Doc. 12), and Defendant replied (Doc. 15). The Court, having considered the motion and being fully advised in the premises, will grant Defendant Golden West Trading, Inc.'s Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction.

**I.    STATEMENT OF FACTS**[1]

---

[1] The facts are derived from Plaintiff's Complaint and attachments, (Doc. 1-1), the allegations of which the Court must accept as true in ruling on the motion, *see Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983).

1

### A. Factual Background

Trepko, Inc. ("Plaintiff") is in the business of producing and leasing equipment used for filling and packaging food products. Doc. 1-1 ¶ 5. Golden West Trading, Inc. ("Defendant") is in the business of manufacturing, packaging, and distributing food products. *Id.* ¶ 6. Plaintiff is a Florida corporation, with its principal place of business in Hillsborough County. Doc. 1-1 ¶ 1. Defendant is a California corporation, with its principal place of business in Los Angeles County. *Id.* ¶ 2. Plaintiff alleges venue is proper under Chapter 48 of the Florida Statutes and because the lease at issue is governed by Florida law and dispute resolution must be carried out in Florida. Doc. 1-1 ¶ 4; *see* Doc. 1-1 at 17, Ex. C, § 9.

On or about May 7, 2018, Plaintiff and Defendant entered into a twenty-four-month lease agreement for Defendant's use of five pieces of Plaintiff's equipment for filling certain food containers of a particular shape, size, and volume with regulated product and temperature requirements (the "Machinery"). Doc. 1-1, ¶ 5. Due to Defendant's interest in experimenting with different products and sizing, the lease specifically provided that Defendant would ensure that the dispensing cups ("Cups") would fit the Machinery, not the other way around, that the products to be filled and the temperature of operations was suitable for the Machinery, and that Defendant would only use parts for the Machinery from Plaintiff. *Id.* ¶ 6. Since Defendant sought to experiment with different products and containers, there were multiple on-site visits (in California) by Plaintiff with all modifications and services being quoted, accepted, and paid with no issue or objection from Defendant. *Id.* ¶ 7.

2

During an inspection on or about April 30, 2019, there were numerous issues discovered by Plaintiff's contractor, that were directly caused by Defendant's failure to comply with the lease with regard to compatibility with the Machinery. *Id.* ¶ 8. Specifically, Plaintiff learned that the Cups were deformed or oval causing the Machinery to stop due to cup feeding and dispensing errors; Defendant was setting the Machinery to fill at a higher volume then the Cups were designed causing product to overflow; the Machinery was understaffed causing reduced efficiency; the Machinery was not cleaned properly by Defendant; and the Defendant changed the passwords on the Machinery causing downtime. *Id.* ¶ 9.

On or about December 9, 2019, Defendant sent Plaintiff a letter demanding termination of the lease agreement at the sole expense of Plaintiff. *Id.* at 17–20 (Ex. C to Doc. 1-1). Defendant insists that the Machinery never worked as Plaintiff initially represented and required constant repairs, resulting in damages to Defendant. *Id.* In its letter, Defendant alleges that Plaintiff requested that Defendant ship the equipment to "an address in Poland." *Id.* Defendant contends this request violated the lease agreement and requests that Plaintiff retrieve the equipment "immediately at [its] sole risk, cost, and expense." *Id.* The lease agreement does not designate a specific return address, but states that the lessee (Defendant) shall bear all cost of return. *Id.*

On January 15, 2020, Plaintiff sued Defendant in Florida state court in a four-count Complaint, alleging state law claims for breach of contract (Count I), unjust

3

enrichment (Count II), conversion (Count III), and replevin (Count IV).[2] Doc. 1-1. Plaintiff alleges Defendant is liable for the return costs of the equipment, and the remaining ten months of unpaid lease payments. *Id.* ¶¶ 16–17. Plaintiff attaches a copy of the lease agreement to the Complaint (Ex. A, Doc. 1-1 at 8–11). The agreement, which is titled "Rental Contract 39019," ("contract") identifies Defendant as the "Lessee" with a California address and Plaintiff as the "Lessor" with a Tampa, Florida address. *Id.* at 8. The "Machinery" to be leased consists of 5 Items. *Id.* Section 1 of the contract discusses the terms of delivery and return of the Machinery with "Item 2" being shipped from Trepko, Inc. and Items 1 and 3 being shipped from Europe. *Id.* at 9. Section 2 of the contract is titled "Lease Payments" and provides for monthly payments of $28,490 to be prepaid at the start of each month. *Id.* at 9. The contract does not state where the payments are to be made. Lessor may charge interest and reminder fees on overdue amounts. *Id.* The lease-period is defined as "the day of dispatching of the Trepko 246KS (Item 2) from the Lessor until the day the machinery (all five Items) are received back at the Lessor's premises." *Id.* at 10. At all times, the Machinery remained the property of the Lessor. *Id.* Section 9 states: "This Contract is governed by the laws of the state of Florida, and dispute resolution must be carried out in Florida." *Id.* at 11. Also attached to the Complaint is a "Report on performed inspection and after-guarantee/guarantee service repair" (Ex. B, Doc. 1-1 at 12–16).

---

[2] Plaintiff voluntarily dismissed without prejudice its replevin claim in Count IV pursuant to Defendant's agreement to return the subject property after refurbishment. *See* Doc. 25.

4

On February 27, 2020, Defendant removed the action under 28 U.S.C. §1441(b), invoking the Court's subject matter jurisdiction based on diversity of citizenship. Doc. 1 ¶ 6.

**B. Motion to Dismiss**

Defendant filed the instant Motion to Dismiss alleging lack of personal jurisdiction. Doc. 8. In support, Defendant filed the affidavit of its CFO, Richard Lunsford. Doc. 8-1. Plaintiff responded in opposition (Doc. 12) and filed the affidavit of Jesper Bjorn Hansen, one of Plaintiff's owners, *id.* at 8–10, to which Defendant replied (Doc. 15). In its Motion to Dismiss and accompanying Affidavit, Defendant submits that this Court lacks personal jurisdiction because Defendant does not own or operate any equipment, real estate, or other business in Florida; it does not market or solicit business in Florida; and the equipment, parts, and individuals who service the equipment on Plaintiff's behalf all come from Poland. Doc. 8-1. Further, Defendant's employees who maintain and operate the equipment at issue reside in the Los Angeles County area, where all maintenance records for the equipment are stored. *Id.* Defendant argues Plaintiff's Complaint should be dismissed for lack of personal jurisdiction because Plaintiff has not set forth any factual allegations to satisfy Florida's long-arm statute. Even if Plaintiff could satisfy the long-arm statute, however, Defendant contends that traditional notions of fair play and substantial justice preclude a finding of personal jurisdiction because Plaintiff fails to establish Defendant's minimum contacts with the State of Florida.

In its Response, Plaintiff contends this Court has personal jurisdiction over Defendant because of the "choice of law" provision contained in the contract, in which the parties agree that "[t]he Contract is governed by the laws of the state of Florida, and dispute resolution must be carried out in Florida." Doc. 12 at 5; Doc. 1-1 at 11. Plaintiff further responds that Defendant purposefully availed itself of the Florida courts by soliciting business from a Florida company, purchasing a machine located in Florida, agreeing to return the equipment to Florida "at the demand of Plaintiff," and engaging in negotiations with Plaintiff in Florida. *Id.*

## II.   LEGAL STANDARD

Motions to dismiss for lack of personal jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(2). A court must dismiss an action against a defendant over which it lacks personal jurisdiction. *Smith v. Trans–Siberian Orchestra*, 689 F.Supp.2d 1310, 1312 (M.D. Fla. 2010) (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999)). To withstand a motion to dismiss, a plaintiff must plead sufficient facts to establish a *prima facie* case of jurisdiction over the nonresident defendant. *See id.* at 1313; *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 625 (11th Cir. 2010). The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). If the defendant can refute personal jurisdiction by sustaining its burden of challenging the plaintiff's allegations through affidavits or other competent evidence, the plaintiff must substantiate its jurisdictional allegations through affidavits, testimony, or other evidence of its own.

6

*Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). The district court must construe all reasonable inferences in the light most favorable to the plaintiff when confronted with conflicting evidence. *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010); *Consol. Dev. Corp.*, 216 F.3d at 1291.

To determine whether personal jurisdiction exists over an out-of-state defendant, courts undertake a two-step analysis. *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). First, the court must determine whether the plaintiff has alleged sufficient facts to subject the defendant to the forum state's long-arm statute. *See Future Tech. Today*, 218 F.3d at 1249. Second, if the court determines that the forum state's long-arm statute has been satisfied, the court must then decide whether exercising jurisdiction comports with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Id.* In determining whether jurisdiction comports with the Due Process Clause, the court must ask "(1) whether [the] defendant has established sufficient 'minimum contacts' with the [forum state]; and (2) whether the exercise of this jurisdiction over [the] defendant would offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

### III.  DISCUSION

In its motion, Defendant first contends the Complaint fails to plead sufficient facts to invoke specific jurisdiction under Florida's long-arm statute. Next, Defendant

argues that Plaintiff cannot establish that Defendant purposely established minimum contacts with the State of Florida in order to satisfy the traditional notions of fair play and substantial justice. Doc. 8.

This action was removed to this Court by Defendant based on diversity jurisdiction. Doc. 1. When jurisdiction is based on diversity, Rule 4(e) of the Federal Rules of Civil Procedure requires that jurisdiction be determined by the state long-arm statute. *Cable/Home Commc'n Corp.*, 902 F.2d at 855. If there is a basis for the assertion of personal jurisdiction under the state statute, the Court must next determine whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Internat'l Shoe Co.*, 326 U.S. at 316; *Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 502 (Fla. 1989). Only if both prongs of the Due Process analysis are satisfied may this Court exercise personal jurisdiction over a nonresident defendant. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996) (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990); *Internat'l Shoe*, 326 U.S. at 316).

### A. Florida's Long-Arm Statute

A defendant may be subject to personal jurisdiction under Florida's long-arm statute by either: (1) engaging in one of the enumerated acts under Florida Statute § 48.193(1)(a), subjecting itself to specific personal jurisdiction; or (2) engaging in substantial and not isolated activity within Florida, as required for general personal jurisdiction under § 48.193(2). *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203–04 (11th Cir. 2015). "The reach of Florida's long-arm statute 'is a question of

Florida law,' and this Court is required to apply the statute 'as would the Florida Supreme Court.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013) (quoting *United Techs. v. Mazer*, 556 F.3d 1260, 1274 (Fla. 11th Cir. 2009)). "Florida's long-arm statute is to be strictly construed." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996) (applying Florida law) (citation omitted).

Plaintiff's Complaint does not specifically allege the basis under Chapter 48, Florida Statutes, in which the court's personal jurisdiction is invoked, *see* Doc. 1-1, ¶ 4, but considering Plaintiff's allegations regarding the choice of law provision in the contract and Plaintiff's response opposing the motion to dismiss, it appears Plaintiff seeks to invoke the Court's long-arm jurisdiction under § 48.193(1)(a)(9). Alternatively, Plaintiff's response also references §§ 48.193(1)(a)(1) and (6)(a). Doc. 12 at 4. Defendant's motion discusses § 48.193(1)(a)(7). Doc. 8 at 4. The Court will examine specific personal jurisdiction over Defendant under each of these provisions.

Section 48.193 provides in relevant part:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> . . .
> 6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, . . .:

9

> a. The defendant was engaged in solicitation or service activities within this state;
> . . .
> 7. Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
> . . .
> 9. Entering into a contract that complies with s. 685.102.

Fla. Stat. § 48.193(1)(a)(1), (6)(a), (7), (9).

*1. Carrying on a Business or Business Venture in Florida*

Florida Statute § 48.193(1)(a)(1) provides for personal jurisdiction over defendants who are "carrying on a business or a business venture" in Florida or have an office or agency in Florida. A plaintiff establishes that a defendant is carrying on a business or business venture in the state, if the activities of the defendant sought to be served, when considered collectively, "show a general course of business activity in the State for pecuniary benefit."[3] *Sculptchair, Inc.*, 94 F.3d at 627 (quoting *Dinsmore v. Martin Blumenthal Assocs., Inc.*, 314 So.2d 561, 564 (Fla. 1975)). The Complaint here does not allege that Defendant is carrying on a business venture in Florida, that Defendant is engaged in a general course of business activity in the State, or that Defendant has an office or agency in the State. At most, Plaintiff's affidavit generally

---

[3] In *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 785 n.4 (11th Cir. 2014), the Court observed the fact that Kingsmen purchased the iceberg from a Florida company—as opposed to selling an item to a Florida resident—calling into question whether the transaction was for defendant's, as opposed to plaintiff's, "pecuniary benefit." The Court noted that "[w]hile the iceberg might help Kingsmen make money in Macau and anywhere else it is exhibited, Kingsmen did not, by buying it, seek to earn any money in Florida. Instead, it spent money there." *Id.* Similarly, in the instant case, Defendant's purchase of equipment from Plaintiff does not evidence "a general course of business activity in the State for pecuniary benefit." *Sculptchair*, 94. F.3d at 627.

10

references that Defendant "continuously contacted" and sent "numerous communications" to Plaintiff's offices in Florida. Doc. 12, ¶¶ 5, 6. In this Circuit, however, "telephonic and electronic communications [made from elsewhere] into Florida do not constitute carrying on a business venture in Florida, even when those phone calls were incident to some economic activity."[4] *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 784–85 (11th Cir. 2014) (citing *Horizon Aggressive Growth, LP v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005)) (internal quotation marks omitted). Further, as established by Defendant's affidavit, Florida sales account for less than .05% of Defendant's nationwide sales. Accordingly, the Court finds that Defendant was not conducting business in Florida as contemplated by Fla. Stat. § 48.193(1)(a)(1) and therefore is not subject to the Court's long-arm jurisdiction based on this provision.

### 2. Causing Injury to Persons or Property Within Florida

To establish long-arm jurisdiction under § 48.193(1)(a)(6)(a), Plaintiff must show that Defendant injured persons or property within this state arising out of an act or omission by the Defendant outside this state, if, at or about the time of the injury, the Defendant was engaged in solicitation or service activities within this state.

---

[4] The Florida Supreme Court has stated that "telephonic, electronic, or written communications into Florida may form the basis for personal jurisdiction [based on the commission of a tortious act] under section 48.193(1)(b) [predecessor version of § 48.193(1)(a)(2)] if the alleged cause of action arises from the communications." *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002). Plaintiff does not seek to invoke the court's long-arm jurisdiction based on Defendant's "committing a tortious act within this state." *See* Fla. Stat. § 48.193(1)(a)(2).

11

Although not alleged in the Complaint, Plaintiff argues that Defendant actively engaged in soliciting Plaintiff to negotiate the sale or lease of the Machinery. Doc. 12 at 4. There are no allegations, or even argument, however, that Plaintiff suffered an injury to persons or property in Florida. The only injuries Plaintiff claims here are economic losses due to unpaid lease payments and incurred attorney fees. "It is well-established, however, that mere economic injury without accompanying personal injury or property injury does not confer personal jurisdiction over nonresident defendants under section 48.193(1)(f), [the predecessor version of section 48.193(1)(a)(6)(a)]." *Sculptchair*, Inc., 94 F.3d at 629 (citing *Sun Bank, N.A. v. E.F. Hutton & Co.*, 926 F.2d 1030, 1033 (11th Cir. 1991)). Because Plaintiff has not established personal injury or property damage in Florida aside from "purely economic loss," there is no basis for long-arm jurisdiction under § 48.193(1)(a)(6)(a).

*3. Contract that Complies with § 685.102*

Plaintiff argues the contract here complies with § 685.102, which provides:

> Notwithstanding any law that limits the right of a person to maintain an action or proceeding, any person may, to the extent permitted under the United States Constitution, maintain in this state an action or proceeding against any person or other entity residing or located outside this state, if the action or proceeding arises out of or relates to any contract, agreement, or undertaking for which a choice of the law of this state, in whole or in part, has been made pursuant to s. 685.101 and which contains a provision by which such person or other entity residing or located outside this state agrees to submit to the jurisdiction of the courts of this state.

Fla. Stat. § 685.102(1). Section 685.01 states:

> The parties to any contract, agreement, or undertaking, contingent or otherwise, in consideration of or relating to any obligation arising out of a transaction involving in the aggregate not less than $250,000, . . . may, to the extent permitted under the United States Constitution, agree that the law of this state will govern such contract, agreement, or undertaking, the effect thereof and their rights and duties thereunder, in whole or in part, whether or not such contract, agreement, or undertaking bears any relation to this state.

Fla. Stat. § 685.101. The contract at issue here involves more than $250,000 and includes a Florida choice of law provision. Thus, Plaintiff argues that the Florida choice of law provision contained in the subject contract gives rise to this court's long-arm jurisdiction under § 48.193(1)(a)(9) and supports its ability to sue on the lease in Florida courts based on Fla. Stat. § 685.102.

Florida courts have recognized that sections 685.101 and 685.102 will permit parties to confer personal jurisdiction on Florida courts by contract alone provided certain requirements are met. *Lienemann v. Cruise Ship Excursions, Inc.*, 349 F. Supp. 3d 1269, 1274 (S.D. Fla. 2018) (citing *Corp. Creations Enters. LLC v. Brian R. Fons Attorney at Law P.C.*, 225 So. 3d 296, 301 (Fla. 4th DCA 2017)). Specifically, in order for a Florida court to exercise personal jurisdiction over a non-resident under §§ 685.101 and 685.102, the contract must:

> (1) Include a choice of law provision designating Florida law as the governing law, in whole or in part;
>
> (2) Include a provision whereby the non-resident agrees to submit to the jurisdiction of the courts of Florida;

>(3) Involve consideration of not less than $250,000 or relate to an obligation arising out of a transaction involving in the aggregate not less than $250,000;
>
>(4) Not violate the United States Constitution; and
>
>(5) Either bear a substantial or reasonable relation to Florida or have at least one of the parties be a resident of Florida or incorporated under the laws of Florida.

*Corp. Creations Enters.*, 225 So. 3d at 301 (citing §§ 685.101, .102, Fla. Stat. (2015); *Hamilton v. Hamilton*, 142 So.3d 969, 971–72 (Fla. 4th DCA 2014)). Critically, absent here is any provision whereby the non-resident Defendant agreed to submit to the jurisdiction of the courts of Florida, and thus the contract does not comply with § 685.102. The contract's provision that dispute resolution must be carried out in Florida is different than Defendant agreeing to submit to the jurisdiction of Florida courts. Accordingly, Plaintiff's argument that the Court's long-arm jurisdiction is invoked under § 48.193(1)(a)(9) fails.

*4. Breaching a Contract in Florida*

Personal jurisdiction under § 48.193(1)(a)(7) may arise if a party breaches a contract in Florida by failing to perform acts required by the contract to be performed in this state. Plaintiff does not raise section (7) as a basis for the court's personal jurisdiction over Defendant, but Defendant references this provision in its motion to dismiss. Florida appellate courts have found that "[f]ailure to pay a contractual debt where payment is due to be made in Florida is sufficient to satisfy Florida's long-arm provision that refers to contractual acts 'required' to be performed in Florida." *Glob. Satellite Commc'n Co. v. Sudline*, 849 So. 2d 466, 468 (Fla. 4th DCA 2003); *Metnick &*

*Levy, P.A. v. Seuling*, 123 So. 3d 639, 643 (Fla. 4th DCA 2013) (same); *see also Hartcourt Companies, Inc. v. Hogue*, 817 So. 2d 1067, 1070 (Fla. 5th DCA 2002) ("presumption that a debt is to be paid at the creditor's place of business, in the absence of an express designation of place of payment, is sufficient to satisfy the language of Florida's long arm provision that refers to contractual acts 'required' to be performed in Florida"). But the Florida Supreme Court has observed that the mere failure to pay money in Florida, standing alone, is likely insufficient to obtain jurisdiction over a nonresident defendant. *Venetian Salami Co.*, 554 So. 2d at 503.

  As a preliminary matter, review of the contract reveals there are no acts in the contract that are required to be performed in Florida. Nor does Plaintiff argue in its response that payment was to be made in Florida or that there were acts required by the contract breached in Florida. For these reasons, § 48.193(1)(a)(7) would not apply. It is the terms of the contract that govern. In other words, "there must exist a duty to perform an act *in Florida*; a contractual duty to tender performance to a Florida resident is not in itself sufficient to satisfy the statute." *Olson v. Robbie*, 141 So. 3d 636, 640 (Fla. 4th DCA 2014) (quoting *Posner*, 178 F.3d at 1218) (emphasis in *Olson*). Plaintiff's affidavit states that payments were made to its offices in Florida, but as stated above, there was no obligation in the contract that required payment or any other act to be performed *in Florida*. And even if Plaintiff could establish that this provision of the long-arm statute applies, Florida courts repeatedly recognize that "failure to pay money in Florida, without more, is insufficient to satisfy the constitutional due process minimum contacts requirement," *Banco Cont'l, S.A. v. Transcom Bank (Barbados), Ltd.*,

15

922 So. 2d 395, 399 (Fla. 3d DCA 2006) (citing *Venetian Salami*, 554 So. 2d at 501; *Blankenship v. Interim Servs. Inc.*, 700 So. 2d 429, 432 (Fla. 3d DCA 1997)), as discussed in greater detail in the due process section below.

Because Plaintiff cannot establish that Defendant is subject to personal jurisdiction under Florida's long-arm statute, Defendant's motion to dismiss for lack of personal jurisdiction is due to be granted.

### B. Due Process

Even if Plaintiff met its burden regarding the Florida long-arm statute, the Court concludes that Defendant's contacts with Florida cannot meet the requirements of due process. Plaintiff claims due process is satisfied because the Machinery originated in and was to be returned to Florida and Defendant agreed to Florida choice of law and a dispute resolution venue in this State. Further, Plaintiff argues its affidavit contradicts Defendant's affidavit regarding Defendant's solicitation of Plaintiff in Florida. As a preliminary matter, the Court finds the affidavits do not conflict. As noted above, Defendant's telephonic or email communications into Florida do not alone subject Defendant to personal jurisdiction in Florida. Thus, its communications do not create a material conflict.

Regarding the due process component of personal jurisdiction, the Court must engage in a two-part inquiry. In the first prong, the Court considers whether Defendant engaged in minimum contacts with Florida. In the second prong, the Court must consider whether exercising personal jurisdiction over Defendant would offend "traditional notions of fair play and substantial justice." *Cronin v. Washington Nat'l Ins.*

*Co.*, 980 F.2d 663, 670 (11th Cir. 1993) (citing *Internat'l Shoe Co.*, 326 U.S. at 316; *Madara*, 916 F.2d at 1515–16).

Florida courts recognize three criteria to establish the existence of minimum contacts: First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve some purposeful availment of the privilege of conducting activities within the forum, thereby invoking the benefits and protections of its laws. Finally, the defendant's contacts within the forum state must be such that it should reasonably anticipate being haled into court there. *See Sculptchair*, 94 F.3d at 631.

"The minimum contacts [requirement of] the due process clause is not satisfied by a mere showing that a Florida party entered a contract with an out-of-state party." *Hartcourt Companies, Inc. v. Hogue*, 817 So. 2d 1067, 1071 (Fla. 5th DCA 2002) (citing *Christus St. Joseph's Health Sys. v. Witt Biomedical Corp.*, 805 So. 2d 1050, 1054–55 (Fla. 5th DCA 2002)). "[A]n on-line connection coupled with a requirement that payment be made in Florida will not support personal jurisdiction." *Id.* at 1054 (citing *Pres–Kap, Inc. v. System One, Direct Access, Inc.*, 636 So.2d 1351 (Fla. 3d DCA 1994)). Nor is personal jurisdiction satisfied merely because payment must be made in Florida. *Venetian Salami*, 554 So.2d at 503.

Plaintiff argues the Florida choice of law and dispute resolution provision made Defendant aware that disputes related to the contract would be litigated in Florida. However, given the lack of minimum contacts by Defendant with the State of Florida, the Court disagrees. Agreeing to application of Florida law or mediating a dispute here

17

does not equate to an expectation of being haled into court here. In the factually similar case of *Vaughn v. AAA Employment, Inc.*, 511 So. 2d 1045 (Fla. 2d DCA 1987), the plaintiff Florida corporation contracted with the defendant Mississippi resident to operate an employment agency in Mississippi. At the conclusion of the partnership, the books and records of the agency were to be turned over to the plaintiff. The contract was signed by plaintiff in Florida and by defendant in Mississippi. The contract included a clause providing that the agreement "shall be construed under the laws of the State of Florida and venue for such litigation shall be in Pinellas County, Florida." *Id*. at 1046. The appellate court noted that while the contract contained a choice of law and venue provision, there was no specific wording about choice of forum. *Id*. at 1046, n.1. There is no mention in the contract that payments were to be made in Florida. Thus, even had the plaintiff requested that payments be made to its Florida office, the court concluded "such unilateral act by the [plaintiff] would not be sufficient to confer personal jurisdiction by providing the [defendant] with the required minimum contacts necessary under the Fourteenth Amendment." *Id.* at 1046. Like *Vaughn*, a dispute resolution and Florida choice of law provision, coupled with the potential requirement that payments be made in Florida or that certain things be returned to Florida is simply not enough to establish the minimum contacts necessary to invoke the Court's personal jurisdiction over Defendant.

While a closer call, based on the record before it, the Court finds the exercise of personal jurisdiction over Defendant would not comport with "fair play and substantial justice." *See Sculptchair*, 94 F.3d at 631 (citations omitted). Relevant factors

18

for the Court's determination include "the burden on the defendant, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief and the judicial system's interest in resolving the dispute." *Licciardello v. Lovelady*, 544 F.3d 1280, 1288 (11th Cir. 2008) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)). The Supreme Court noted the primary concern in assessing personal jurisdiction under the prong of "traditional notions of fair play and substantial justice" is the burden on the defendant. *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, ––– U.S. ––––, 137 S.Ct. 1773, 1780 (2017). Here, to require Defendant, which is a California company with no offices, agents, or business in Florida and all of its employees in California, to litigate in Florida is certainly more burdensome. Representatives of Plaintiff, on the other hand, made multiple visits to California, as contemplated by the contract, regarding issues related to the Machinery. And while protecting Florida corporations from financial injury is in the interests of the Florida judicial system, obtaining convenient and effective relief is not necessarily more favorable in Florida versus California.

## IV.   CONCLUSION

Because Plaintiff fails to establish the Court's personal jurisdiction over Defendant, the motion to dismiss will be granted. Plaintiff has not requested leave to amend. Moreover, Plaintiff's affidavit does not set forth new factual allegations which, if added to the complaint, would be sufficient to confer jurisdiction.

Accordingly, it is hereby

**ORDERED**:

1. Defendant Golden West Trading, Inc.'s Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction (Doc. 8) is **GRANTED**.

2. This action is **DISMISSED without prejudice**, for lack of personal jurisdiction.

3. The Clerk is directed to terminate any pending motions and deadlines and **CLOSE** the case.

**DONE AND ORDERED** in Tampa, Florida on February 8, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any